THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br>v.<br><br>BRANDON KEITH THOMPSON,<br><br>　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [24] DEFENDANT'S MOTION TO DISMISS**<br><br>Case No. 2:21-cr-00316-DBB<br><br>District Judge David Barlow |

Before the court is Defendant's Motion to Dismiss (Motion).[1] Pursuant to Federal Rule of Criminal Procedure 12, Defendant asks the court to dismiss the single count indictment against him for felon in possession of a firearm. The court has considered the briefing and relevant case law and determines that the motion may be decided without a hearing.[2] For the reasons stated in this Memorandum Decision and Order, the Motion is DENIED.

## ANALYSIS

Thompson was charged with a single count: felon in possession of a firearm.[3] The indictment states:

> On or about July 8, 2021, in the District of Utah, Brandon Keith Thompson, defendant herein, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit: a Glock 17 handgun, and the firearm was in and affecting commerce; in violation of 18 U.S.C. § 922(g)(1).[4]

---

[1] Motion to Dismiss (Motion), ECF No. 24, filed November 23, 2021.
[2] DUCrimR 12-1(i).
[3] Indictment, ECF No. 1, filed August 4, 2021.
[4] *Id.*

1

18 U.S.C. § 922(g)(1) provides:

> It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Federal Rule of Criminal Procedure 12(b) permits pretrial motions and allows the court to make certain determinations without a trial on the merits. A Rule 12 motion to dismiss an indictment is appropriate only when a trial of the facts surrounding the commission of the underlying offense "would be of no assistance in determining the validity of the defense. If contested facts surrounding the commission of the offense would be of *any* assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial."[5]

There are two ways a criminal defendant can move to dismiss an indictment: (1) based solely on the facts alleged in the indictment; and (2) under limited circumstances, relying on facts outside the indictment.[6] Thompson's motion falls into the second category as he asks the court to consider facts outside those in the indictment.[7]

The Tenth Circuit has determined that a district court can dismiss the charges at the pretrial stage based on facts outside of the indictment *only* "where the operative facts are undisputed and the government fails to object to the district court's consideration of those undisputed facts in making the determination regarding a submissible case."[8] This type of dismissal "is a determination that as a matter of law, the government is incapable of proving its case beyond a reasonable doubt" and is a "rare exception" to the general rule.[9] A dismissal under

---

[5] *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010) (internal quotation marks and citation omitted).
[6] *See United States v. Todd*, 446 F.3d 1062 (10th Cir. 2006).
[7] Motion at 3–5, ECF No. 24.
[8] *Todd*, 446 F.3d at 1068.
[9] *Id.*

this limited exception is "not made on account of a lack of evidence to support the government's case, but because the undisputed evidence shows that, as a matter of law, the Defendant could not have committed the offense for which he was indicted."[10]

Here, Defendant's motion fails all three requirements: (1) the operative facts are not undisputed[11]; (2) the government objects to the district court's consideration of facts outside the indictment[12]; and (3) the court cannot determine, as a matter of law, that the government is incapable of proving its case.[13]

The Tenth Circuit has found pretrial dismissal appropriate in a few rare circumstances that are unlike the situation here. For example, the court has found dismissal was appropriate under the following circumstances: (1) when the defendant presented undisputed evidence he was not present when drugs, drug paraphernalia, and a gun were found in his home and established he could not, as a matter of law, be charged with knowingly using or carrying a pistol during and in relation to a drug-trafficking offense;[14] (2) when the defendant offered undisputed evidence leading to the conclusion that FBI agents were working on behalf of the grand jury, and the defendant could not be prosecuted for making a false statement to an FBI agent because the "judicial function" exception applied;[15] and (3) when the government admitted in an evidentiary hearing that it could not provide evidence showing that stolen intellectual property involved physical goods that were themselves stolen.[16]

---

[10] *Id.*

[11] Response in Opposition to Defendant's Motion to Dismiss (Opposition) at 2–3, 9–10, ECF No. 28, filed December 23, 2021.

[12] *Id.* at 2.

[13] At bottom, Defendant's motion is an effort to have the court determine, as a matter of law, that his theory of the case—that he never successfully obtained full control over the officer's gun—precludes a trial on the charge.

[14] *United States v. Hall*, 20 F.3d 1984 (10th Cir. 1994).

[15] *United States v. Wood*, 6 F.3d 692 (10th Cir. 1993) *abrogated on other grounds by Hubbard v. United States*, 514 U.S. 695 (1995).

[16] *United States v. Brown*, 925 F.2d 1301 (10th Cir. 1991).

But the foregoing are the rare exceptions, not the rule. The Tenth Circuit has repeatedly affirmed a trial court's decision to deny a motion to dismiss for failing to meet the requirements of the limited exception. For example, in *Pope*, the Tenth Circuit affirmed the denial because the facts on which the defendant relied, were "outside the indictment, hotly disputed by the government, and intimately bound up in the question of Mr. Pope's guilt or innocence."[17] Citing previous decisions, the Tenth Circuit restated the standard that "[i]f contested facts surrounding the commission of the offense would be of *any* assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial."[18]

Similarly, in *Griffith*, the Tenth Circuit affirmed the trial court's denial of a pretrial motion to dismiss.[19] The motion did not rely solely on legal grounds but sought to "vindicate an affirmative defense bearing directly on his guilt or innocence."[20] The motion did not attempt to demonstrate that the defendant was compliant with state law, and the government argued that defendant was not.[21] The motion required the district court to "address issues of fact relative to the alleged offenses, which a court may not consider before trial."[22]

Thompson's motion is like those in *Pope* and *Griffith*. It fails to meet the limited exception to the rule. First, the government has "expressly" objected to the court's consideration of the facts as set forth in Thompson's motion.[23] That is enough to preclude granting the motion as a lack of an objection by the government is an explicit requirement. But the motion fails on the second requirement as well since the government disputes some of the underlying facts as

---

[17] *United States v. Pope*, 613 F.3d 1255, 1257 (10th Cir. 2010).
[18] *Id.* at 1259.
[19] *United States v. Griffith*, 928 F.3d 855 (10th Cir. 2019).
[20] *Id.* at 866.
[21] *Id.*
[22] *Id.*
[23] Opposition at 2–3, ECF No. 28.

Thompson described them in the motion. For example, there are disputes regarding to what extent Thompson was holding the officer's gun.[24] It is also disputed who pulled the trigger causing the gun to go off.[25] Finally, details surrounding Thompson's unholstering of the gun are also disputed.[26] These contested facts go to the underlying issue and prevent the court from making a determination as a matter of law.

The motion is an invitation for the court to decide that Thompson's version and interpretation of the facts is undisputed as a matter of law. That is not the case. In a pretrial motion to dismiss, the court may only rely on undisputed facts to make a determination as a matter of law. Because the government has objected to Thompson's versions of the facts and disputes the substance of the facts, the court cannot grant a pretrial motion to dismiss.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is DENIED.

Dated January 18, 2022.

BY THE COURT

_____
David Barlow
United States District Judge

---

[24] *Compare* Motion at 4 *with* Opposition at 3–5.
[25] *Compare* Motion at 4 *with* Opposition at 6.
[26] *Compare* Motion at 4–5 *with* Opposition at 3–4.