THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRANDON KEITH THOMPSON,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [126] DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL**<br><br>Case No. 2:21-cr-00316-DBB<br><br>District Judge David Barlow |

On February 1, 2023, a jury found defendant Brandon Keith Thompson guilty of the charge Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). Mr. Thompson now moves for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, arguing that the government failed to prove beyond a reasonable doubt that he possessed a firearm that was "in or affecting" interstate commerce.[1] The court has considered the briefing and relevant case law and determines that the motion may be decided without a hearing. For the reasons stated in this Memorandum Decision and Order, the Motion is DENIED.

## BACKGROUND

The United States charged Mr. Thompson with a single count, Felon in Possession of a Firearm.[2] The indictment states:

> On or about July 8, 2021, in the District of Utah, Brandon Keith Thompson, defendant herein, knowing he had previously been convicted of a crime punishable

---

[1] Motion for Judgment of Acquittal, ECF No. 126, filed Feb. 14, 2023.
[2] Indictment, ECF No. 1, filed Aug. 4, 2021.

1

> by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit: a Glock 17 handgun, and the firearm was in and affecting commerce; in violation of 18 U.S.C. § 922(g)(1).[3]

Section 922(g)(1) expressly provides:

> It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

On November 23, 2021, Mr. Thompson filed a motion to dismiss the indictment pursuant to Federal Rule of Criminal Procedure 12(b)(1). In the motion, Mr. Thompson argued that the indictment should be dismissed because the facts of the case did not support a theory of possession.[4] Mr. Thompson did not, at that time, challenge the constitutionality of 18 U.S.C. § 922(g)(1). The court denied Mr. Thompson's motion to dismiss, finding that it could not determine, as a matter of law, that the United States would be incapable of proving its case.[5]

Mr. Thompson's trial commenced on January 30, 2023.[6] Prior to and during trial the parties litigated how the court should instruct the jury as to the elements of the offense, including the interstate commerce requirement.[7] After briefing and oral argument, the court ruled that it would instruct the jury on the elements of the offense in accord with Tenth Circuit Pattern Criminal Jury Instruction 2.44.[8] Accordingly, General Jury Instruction No. 18, like pattern instruction 2.44, required the United States to prove, beyond a reasonable doubt, that "before the

---

[3] *Id.*
[4] Mot. to Dismiss Indictment, ECF No. 24, filed Nov. 23, 2021.
[5] Mem. Dec. and Order, ECF No. 33, filed Jan. 1, 2022.
[6] ECF No. 113.
[7] *See, e.g.,* Def.'s Obj. to Proposed Jury Instr., ECF No. 94, filed Oct. 20, 2022; Govt's Mem. in Supp. of Tenth Circuit Crim. Pattern Jury Instr. 2.44, ECF No. 96, filed Oct. 23, 2022.
[8] General Jury Instr. No. 18, ECF No. 120, filed Feb. 1, 2023.

defendant possessed the firearm, the firearm had moved at some time from one state to another or from a foreign country to the United States."[9]

During Mr. Thompson's trial, the United States presented the testimony of an expert witness, Tyler Olsen. Mr. Olsen testified that the firearm in this case, a Glock, was manufactured in Austria and imported to the State of Georgia, in the United States, prior to its transportation across state lines to the State of Utah. Mr. Olsen also testified that Glock did not manufacture any firearms in the State of Utah. Another government witness, Officer Johnson, testified that he was issued the Glock by the Sandy Police Department in the State of Utah.

On January 31, 2023, at the close of the United States' case in chief, outside the presence of the jury, Mr. Thompson made an oral motion for judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. The court heard argument and reserved ruling on Mr. Thompson's motion.[10] Later that same day, the jury returned a verdict of guilty on the single count in the indictment.[11] After the jury was excused, Mr. Thompson renewed his oral motion for judgment of acquittal. The court denied the motion.

On February 14, 2023, Mr. Thompson filed the Motion for Judgment of Acquittal that is now before the court.[12] In the motion, Mr. Thompson argues that there was insufficient evidence for the jury to conclude, beyond a reasonable doubt, that Mr. Thompson possessed a firearm that was "in or affecting" interstate commerce.[13]

---

[9] *Id.*
[10] Minute Entry, ECF No. 115.
[11] Jury Verdict, ECF No. 122, dated Jan. 31, 2023, filed Feb. 1, 2023.
[12] ECF No. 126.
[13] *Id.* at 1.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 29(a) provides that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." In considering a motion under Rule 29, the court "ask[s] only whether taking the evidence—both direct and circumstantial, together with the reasonable inferences to be drawn therefrom—in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt."[14] The court "must not weigh conflicting evidence or consider the credibility of the witnesses, but simply 'determine whether the evidence, if believed, would establish each element of the crime.'"[15] "This standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."[16] When evaluating the sufficiency of the evidence supporting a conviction, courts "owe considerable deference to the jury's verdict."[17]

## ANALYSIS

Applying these legal principles, the court must determine "whether the evidence, if believed, would establish the [interstate commerce] element of the crime."[18] At Mr. Thompson's trial, the court instructed the jury on the elements of the offense in accord with Tenth Circuit Pattern Criminal Jury Instruction 2.44.[19] The court's instruction stated, with regard to the interstate commerce element, that to find the defendant guilty, the jury must be convinced that

---

[14] *United States v. McKissick*, 204 F.3d 1282, 1289 (10th Cir. 2000) (citation omitted).
[15] *United States v. Vallo*, 238 F.3d 1242, 1247 (10th Cir. 2001) (citation and alteration omitted).
[16] *Id.* (citation omitted).
[17] *United States v. Mullins*, 613 F.3d 1273, 1280 (10th Cir. 2010).
[18] *Vallo*, 238 F.3d at 1247.
[19] *Compare* ECF No. 120, Instr. No. 18 *with* Tenth Circuit Criminal Pattern Jury Instr. No. 2.44 at 158 (3d ed. 2021). *See United States v. Urbano*, 563 F.3d 1150, 1153 n.2 (10th Cir. 2009) (describing Tenth Circuit Criminal Pattern Jury Instruction 2.44 as "the instruction designed to be given in § 922(g)(1) cases").

the government has proved, beyond a reasonable doubt, that "before the defendant possessed the firearm, the firearm had moved at some time from one state to another or from a foreign country to the United States."[20] To prove this element, the United States offered the testimony of expert witness Tyler Olsen. Mr. Olsen testified that the firearm in this case was a Glock; that Glock did not manufacture any firearms in the State of Utah; that the Glock involved in this case was manufactured in the country of Austria; and that the Glock was imported to the State of Georgia, in the United States, prior to its transportation across state lines to the State of Utah. In addition, Officer Johnson testified that the Sandy Police Department issued the Glock to him in Utah as part of his employment as an officer.

The court finds, and Mr. Thompson does not dispute, that from this evidence the jury could have reasonably concluded, beyond a reasonable doubt, that before Mr. Thompson possessed the firearm, it had moved from one state to another, as that element was defined in General Jury Instruction No. 18.

Mr. Thompson's sufficiency of the evidence argument is different. He claims that the government *charged* him in the Indictment with possessing a firearm that was "in and affecting commerce," using language tracking that of § 922(g)(1).[21] However, at trial the court instructed the jury using a "watered down" commerce element that required the government to prove only that the firearm was manufactured somewhere other than Utah.[22] According to Mr. Thompson, because the government was only required to prove the firearm's prior movement in commerce, there was insufficient evidence at trial to show, and no reasonable jury could have found, that the firearm Mr. Thompson possessed was "in and affecting commerce" as charged in the Indictment.

---

[20] ECF No. 120, Instr. No. 18.
[21] ECF No. 130 at 2.
[22] *Id.* at 1.

Based on the foregoing, Mr. Thompson argues, "if the court finds that [the commerce element] is satisfied as a matter of law by the fact that the gun was manufactured in a foreign country, then 18 U.S.C. § 922(g)(1) is unconstitutional on its face."[23] Mr. Thompson also asserts that § 922(g)(1) is unconstitutional "as applied" in this case. He contends that the wording of §922(g)(1) calls for present tense "in or affecting commerce," which would require a jury to find that the firearm was "in or affecting commerce" at the time of the charged possession. However, according to Mr. Thompson, the undisputed testimony at trial showed that the gun Mr. Thompson possessed was no longer in commerce – it was not for sale and had been removed from commerce by the Sandy Police Department. And, therefore, if the court had properly required the jury to find that the gun was "in or affecting commerce" at the moment of the crime, no reasonable jury could have found him guilty because there was no evidence that the gun was "in or affecting commerce."[24]

In response, the United States claims that Mr. Thompson's motion is untimely under Rule 12(b)(3) and should be dismissed on that basis.[25] According to the government, although Mr. Thompson's motion is styled as a Rule 29 motion for judgment of acquittal, the motion challenges the constitutionality of § 922(g)(1), the offense charged in the indictment, and should have been raised prior to trial.[26] Rule 12 requires that a defendant seeking to challenge "a defect in the indictment" must raise that defense in a pretrial motion if "the basis for the motion is then reasonably available" and "the motion can be determined without a trial on the merits."[27]

---

[23] ECF No. 126 at 1.
[24] *Id.* at 2–3 n.1.
[25] ECF No. 129 at 5.
[26] *Id.*
[27] Fed. R. Crim. P. 12(b)(3).

Mr. Thompson asserts, however, that his constitutional arguments are not untimely because nowhere does he claim that the indictment was defective.[28] To the contrary, according to Mr. Thompson, "the constitutional problem here was not apparent from the *indictment* but from the way that § 922(g) was interpreted and applied at trial."[29] It is Mr. Thompson's position that, "if the court had required the government to prove that [he] possessed a firearm 'in or affecting commerce,' there would be no constitutional problem."[30] And, Mr. Thompson adds, the motion is not untimely because the court did not make a final ruling on the jury instructions until after the trial started.[31]

The court agrees with the government that the nature of Mr. Thompson's motion – arguing that § 922(g)(1) is unconstitutional on its face and as applied – is more akin to a motion to dismiss for failure to state an offense under Rule 12 than a motion for judgment of acquittal under Rule 29.[32] In this case, it appears that the basis for Mr. Thompson's constitutional challenge to § 922(g)(1) was reasonably available or known to Mr. Thompson prior to trial and could have been resolved without a trial on the merits. As the government points out, the cases on which Mr. Thompson relies for his facial challenge are several years old, and the facts on which he relies for his "as applied" challenge were known or could have been ascertained prior to trial.[33] Moreover, as explained in greater detail below, the court's interpretation and

---

[28] ECF No. 130 at 2.
[29] *Id.* at 3 (emphasis added).
[30] *Id.*
[31] *Id.* at 2.
[32] *See, e.g., United States v. Hill*, 2:19-cr-189-DAK, 2020 WL 491261, at *1 (D. Utah Jan. 30, 2020) (concluding that defendant's constitutional void for vagueness challenge to the statute was untimely under Rule 12(b)(3) because it "could and should have been raised before trial"); *United States v. Wagoner*, 4:20-cr-00018, 2022 WL 17418000, at 3 (W.D. Va. Dec. 5, 2022) (concluding that defendant's Rule 29 motion raising a constitutional challenge to § 922(g)(1) failed to comply with Rule 12(b)(3)(B)(v)'s requirement that any alleged defect in the indictment be raised by motion prior to trial); *see also, e.g., United States v. West*, 576 Fed. App'x 729 n.10 (10th Cir. 2014) (unpublished) (holding that under the current language of Rule 12(b)(3), a facial challenge to a statute based on a commerce clause argument must be timely raised).
[33] ECF No. 129 at 7 (referring to ECF No. 126 at 4, citing cases decided between 1977 and 2006).

application of § 922(g)(1) was not novel or new; it was consistent with long-standing, well-established precedent.[34] Similarly, although the court did not make a final ruling on the disputed jury instructions until after the trial started, the court's instruction to the jury mirrored Tenth Circuit Criminal Pattern Jury Instruction 2.44, which the Tenth Circuit confirmed, more than a decade earlier, is the "the instruction designed to be given in § 922(g)(1) cases."[35]

Notwithstanding the foregoing, to the extent Mr. Thompson's motion challenging the constitutionality of § 922(g)(1) can be construed as a motion for judgment of acquittal, the motion must be denied. The Tenth Circuit has squarely and repeatedly rejected commerce clause challenges to § 922(g)(1) like those advanced by Mr. Thompson.[36] The prior Tenth Circuit decisions are grounded in *Scarborough v. United States*,[37] wherein the Supreme Court held that, in addition to the other elements of the crime of being a felon in possession, the government need only prove that the firearm possessed by the defendant had been, "at some time, in interstate commerce."[38] While the Tenth Circuit has "acknowledged the apparent alteration in the Supreme

---

[34] Given the well-established precedent construing the statute to require only a minimal nexus with commerce, Defendants routinely file pretrial motions claiming that § 922(g)(1) is an unconstitutional extension of the commerce clause, despite the indictment's "in or affecting commerce" language. *See, e.g., United States v. Kirby*, 490 Fed. App'x 113, 114 (10th Cir. 2012) (upholding district court's denial of defendant's motion to dismiss indictment and rejecting defendant's argument that Congress exceeded its power under the Commerce Clause in enacting § 922(g)(1)); *see also, e.g., United States v. Rambo*, No. 13-10123, 2013 WL 6231376, at *1 (D. Kan. Dec. 2, 2013) (denying defendant's motion to dismiss indictment and rejecting defendant's argument that § 922(g)(1) is unconstitutional because it reaches beyond the scope of Congress's power under the Commerce Clause); *United States v. Gibson*, 1:19-cr-59, 2021 WL 5908947, at *1 (N.D. Ind. Dec. 14, 2021) (denying defendant's motion to dismiss indictment finding that defendant's arguments that § 922(g)(1) exceeds Congress's Commerce Clause power have been repeatedly rejected by the circuit).
[35] *Urbano*, 563 F.3d at 1155 & n.2 (upholding district court's refusal to instruct the jury in accord with pattern instruction 1.39, "which requires *some* effect on interstate commerce," and indicating that Criminal Pattern Jury Instruction 2.44 is "the instruction designed to be given in § 922(g)(1) cases").
[36] *See, e.g., United States v. Campbell*, 603 F.3d 1218, 2020 n.1 (10th Cir. 2010); *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009); *United States v. Urbano*, 563 F.3d 1150, 1154 (10th Cir. 2009); *United States v. Dorris*, 236 F.3d 582, 286 (10th Cir. 2000); *United States v. Farnsworth*, 92 F.3d 1001, 1006 (10th Cir. 1996); *United States v. Bolton*, 68 F.3d 396, 400 (10th Cir. 1995).
[37] 431 U.S. 563 (1977).
[38] *Id.* at 575; *see United States v. Patton*, 451 F.3d 615, 634 (10th Cir. 206) (explaining that "*Scarborough* decided only a question of statutory interpretation about a previous version of the felon-in-possession statute, but the decision assumed that Congress could constitutionally regulate the possession of firearms solely because they had moved across state lines").

Court commerce clause jurisprudence in light of *Gonzales v. Raich*, *United States v. Morrison*, and *United States v. Lopez*,"[39] it has, nonetheless, consistently continued to uphold the constitutionality of § 922(g)(1), finding it is bound by Supreme Court and its own precedent.[40] Mr. Thompson's arguments do not permit this court to reject controlling authority,[41] and Mr. Thompson acknowledges as much in his motion.[42]

Mr. Thompson's "as applied" challenge to § 922(g)(1) does not yield a different result. It is inconsequential that the firearm in this case was not for sale or had been removed from commerce by an "end user"[43] and, therefore, was supposedly no longer "in or affecting commerce" when Mr. Thompson possessed it. The Tenth Circuit has consistently rejected such "as applied" challenges. In the context of § 922(g)(1), binding precedent is clear: if a firearm has traveled across state lines, the minimal nexus with interstate commerce is met and the statute can be applied. No further showing of the actual effect of the defendant's actions[44] on interstate commerce is required.[45]

---

[39] *Campbell*, 603 F.3d at 1220 n.1 (citations omitted).
[40] *See, e.g., id.* ("Because we are bound by *Scarborough* and *Patton*'s holdings, we reject Defendant's Commerce Clause challenge to Section 922(g)(1)'s prohibition of felons' intrastate possession of ammunition that once traveled in interstate commerce."); *Patton*, 451 F.3d at 634 ("The constitutional understanding implicit in *Scarborough*—that Congress may regulate any firearm that has ever traversed state lines—has been repeatedly adopted for felon-in-possession statutes by this Court."); *see also, e.g., Kirby*, 490 Fed. App'x at 114–15 (affirming district court's judgment upholding the constitutionality of § 922(g)(1) "[b]ecause we, like the district court, are bound by Supreme Court and Tenth Circuit precedent upholding the constitutionality of 18 U.S.C. § 922(g)(1)").
[41] *See United States v. Nichols*, 169 F.3d 1255, 1261 (10th Cir. 1999).
[42] *See* ECF No. 130 at 4 (acknowledging that "the Tenth Circuit relied on *Patton* . . . to reject a post-*Raich* facial challenge to § 922(g)(1) and recognizing, "[i]n light of *Campbell*," that "this court is precluded from finding that § 922(g)(1) is facially unconstitutional and press[ing] this argument to preserve it for future appeal").
[43] Mr. Thompson's reliance on *United States v. Levine*, 41 F.3d 607, 614 (10th Cir. 1994), is misplaced. Although he finds language in *Levine* that seems to support his claim that evidence that the firearm was "taken out of commerce by an end user" should factor into the court's analysis, *Levine*, which was decided in 1994, considered the interstate nexus requirement in the context of a tainted consumer product. It would be improper for this court to seize upon language from an older consumer products case while ignoring more recent precedent directly addressing § 922(g)(1).
[44] The defense also argues that "[o reasonable jury could have found that Mr. Thompson possessed a firearm 'in or affecting' interstate commerce." ECF No. 130 at 1. Even without the evidence of the firearm having traveled from Austria to Georgia to Utah, the defense claim would still be incorrect based on the evidence aduced at trial.
[45] *Urbano*, 536 F.3d at 1154 (rejecting defendant's as "as applied" challenge to § 922(g)(1)); *Farnsworth*, 92 F.3d at 1006–07 (rejecting defendant's "as applied" challenge to § 922(g)(1) and reiterating that § 922(g)(1)'s "requirement

## CONCLUSION

Because this court is bound by Supreme Court and Tenth Circuit precedent upholding the constitutionality of 18 U.S.C. § 922(g)(1), Mr. Thompson's motion is DENIED.

Dated April 27, 2023.

BY THE COURT

_____
David Barlow
United States District Judge

---

that the firearm have been, at some time, in interstate commerce is sufficient to establish its constitutionality under the Commerce Clause").